IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRANDY GOTTER                                                                    PLAINTIFF

v.                       CIVIL NO. 5:17-CV-5200

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Brandy Gotter, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for SSI on September 25, 2013, alleging an inability to work since January 23, 2013, due to bulging discs, abdominal issues, carpel tunnel syndrome in both hands, and bipolar disorder. (Tr. 90, 106). An administrative hearing was held on February 11, 2015, at which Plaintiff and a vocational expert testified.

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

(Tr. 51-88). A supplemental hearing was held on January 19, 2016, and Larry Seifert, a Vocational Expert, was the only witness to testify. (Tr. 37-50).

By written decision dated July 28, 2016, the ALJ found that during the relevant time period, Plaintiff had severe impairments of obesity; mild degenerative disc disease of the thoracic spine; mild bilateral hip degenerative arthrosis; mild bilateral carpal tunnel syndrome, status post-surgery; migraines; history of multiple abdominal surgeries; bipolar disorder; and obsessive-compulsive disorder. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12-14). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b), except for the following:

> [Plaintiff] is limited to occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; occasional handling and fingering bilaterally; and avoidance of concentrated exposure to hazards including no driving as part of work. The claimant is further able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and little use of judgment, and the supervision required is simple, direct, and concrete.

(Tr. 14-22). With the help of a vocational expert (VE), the ALJ determined that although Plaintiff was unable to perform her past relevant work, there were jobs that existed in significant numbers in the economy that Plaintiff could perform, such as a blending tank tender, a laminating machine off-bearer, and a groover and striper operator. (Tr. 23, 79-80). Therefore, the ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, from September 25, 2013, through the date of the decision. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, and that request was denied on August 11, 2011. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 25th day of March, 2019.


                                              /s/ *Erin L. Wiedemann*
                                          HON. ERIN L. WIEDEMANN
                                          UNITED STATES MAGISTRATE JUDGE